_____

No. 95-3540
_____

Demetra M. Halley,                *
                                  *
          Appellant,              *
                                  *      Appeal from the United States
     v.                           *      District Court for the
                                  *      Eastern District of Missouri.
United States of America,         *            [UNPUBLISHED]
                                  *
          Appellee.               *

_____

                    Submitted:  June 12, 1996

                      Filed:  September 5, 1996
_____

Before WOLLMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
     ROSENBAUM,* District Judge.
_____

PER CURIAM.


     Demetra Halley appeals from the district court's judgment in favor
of the government in this action brought under the Federal Tort Claims Act,
28 U.S.C. § 1346(b).  We reverse and remand for further proceedings.


     An automobile being driven by Benedict Radon in the course of his
official capacity as a special agent of the Inspector General's Office of
the United States Railroad Retirement Board struck the rear of an
automobile being driven by Dr. Robert Halley on Interstate 55 near Arnold,
Missouri, on the evening of October 25, 1989.

_____

     *The HONORABLE JAMES M. ROSENBAUM, United States District
     Judge for the District of Minnesota, sitting by
     designation.

Dr. Halley was taken by ambulance to a St. Louis area hospital, where he was treated and released yet that evening. Dr. Halley died from congestive heart failure due to coronary artery disease on November 8, 1991. Appellate thereafter brought the present action, contending that her husband's death was caused by the trauma he had suffered in the 1989 collision.

The district court, applying the standard of comparative fault adopted by the Missouri Supreme Court in Gustafson v. Benda, 661 S.W.2d 11 (Mo. 1983) (en banc), found that Radon was at fault, but found that the government was liable for only sixty-six percent of the damages resulting from the accident.

After recounting at some length Dr. Halley's medical history, which included a myocardial infarction in 1980, an automobile accident in January 1981, a 1984 hospitalization for coronary artery disease, and an April 1989 diagnosis of acute inferior myocardial infarction, the district court found that appellant had failed to present any evidence of damages that Dr. Halley had suffered solely as a result of the October 25, 1989, accident, and thus refused to award any damages on this aspect of appellant's claim. The district court also found that there was no causal relationship between the October 25, 1989, accident and Dr. Halley's death.

Appellant contends that the district court erred in attributing any fault to Dr. Halley with respect to the cause of the accident. Without recounting it in detail, there was evidence from which the district court could find that Dr. Halley had brought his car to a sudden stop upon encountering other vehicles that had slowed to avoid debris that had fallen onto the roadway. A Missouri state patrolman who saw Radon's automobile strike Dr. Halley's vehicle testified that he had indicated on his accident report that the probable contributing circumstance to the accident was that Radon had been driving too fast for conditions. He also

testified that he had attributed no probable contributing circumstance to Dr. Halley. He acknowledged, however, that it was possible that the fact that Dr. Halley's vehicle had almost come to a stop could have been a factor contributing to the accident. It was for the district court to weigh this evidence, and we cannot say that its finding that the government was liable for only sixty-six percent of the damages is clearly erroneous.

Likewise, we cannot say that the district court clearly erred in finding that there was no causal connection between the October 25, 1989, accident and Dr. Halley's death in view of the evidence of Dr. Halley's pre-existing heart ailments, his heavy smoking, and his refusal to follow the advice of his treating physicians.

We conclude, however, that the district erred in finding that appellant had presented no evidence of damages relating solely to the accident. The record contains a statement of charges from St. Anthony's Medical Center for the treatment and services provided to Dr. Halley on the night of the accident. Appellant also presented evidence regarding the charges for the ambulance that carried Dr. Halley from the accident scene to the hospital. Appellant testified that when she arrived at the emergency room, she observed that her husband was in great distress, as evidenced by his crying, and that immediately after the accident Dr. Halley's body was stiff and that he suffered back and neck pain.

How much should be awarded for Dr. Halley's post-accident pain and suffering, we cannot say. That he experienced at least some measure of pain and suffering seems clear, however, and the district court on remand should make whatever award it deems appropriate in the circumstances. The calculation of the amount to be awarded for the hospital and ambulance bills would seem to be straightforward enough.

The judgment is reversed, and the case is remanded to the district court for an award of damages in accordance with the views set forth in this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.